O

FILED

AUG - 8 2011

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

LAURA HARO,                          )   Case No. CV 10-9429-MLG
                                     )
                Plaintiff,           )   MEMORANDUM OPINION AND ORDER
                                     )
        v.                           )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of the                  )
Social Security                      )
Administration,                      )
                                     )
                Defendant.           )
_____ )

        Plaintiff Laura Haro seeks judicial review of the Commissioner's
final decision denying her application for Social Security Disability
Insurance ("DIB") benefits. For the reasons set forth below, the
decision of the Social Security Commissioner is reversed, and the matter
is remanded for further proceedings consistent with this opinion.

I.   Background

        Plaintiff was born on November 3, 1955. (Administrative Record
("AR") at 44, 123.) She completed high school and has no other
educational or vocational training. (AR at 132.) She has worked as a
customer services representative and as the director of a daycare

1    center. (AR at 128.)

2         Plaintiff filed an application for benefits on October 2, 2007,

3    alleging that she had been disabled since October 1, 2006 due to

4    disorders of the back, muscle, ligament and fascia. (AR at 44.)

5    Plaintiff's application was denied initially on January 31, 2008, and

6    upon reconsideration on May 14, 2008. (AR at 46-49, 51-55.) An

7    administrative hearing was held on August 26, 2009, before

8    Administrative Law Judge ("ALJ") Joseph D. Schloss at which Plaintiff

9    was represented by an attorney. Plaintiff testified at the hearing, as

10   did a vocational expert. (AR 27-43.)

11        On November 19, 2009, ALJ Schloss denied Plaintiff's application

12   for benefits. (AR at 17-24.) The ALJ found that Plaintiff had not

13   engaged in substantial gainful activity during the period at issue. (AR

14   at 19.) The ALJ further found that the medical evidence established that

15   Plaintiff suffered from the severe impairments of piriformis syndrome

16   and back and muscle discomfort. (Id.) However, the ALJ concluded that

17   Plaintiff's impairments did not meet, or were not medically equal to,

18   one of the listed impairments in 20 C.F.R., Part 404, Subpart P,

19   Appendix 1. (AR at 20.) The ALJ next found that Plaintiff retained the

20   residual functional capacity ("RFC") to perform light work as defined in

21   20 C.F.R. 404.1567(b) with the following exceptions:

22        she is limited to walking no more than two hours in an eight-

23        hour workday and occasional climbing of ramps or stairs and

24        occasional bending, stooping, kneeling, crawling, squatting or

25        balancing. Additionally, she would be limited to no climbing

26        of ladders, ropes or scaffolds and no work around moving

27        machinery or unprotected heights.

28   (Id.)

2

1     The ALJ determined that Plaintiff was able to perform her past
2 relevant work as a customer service representative or as a daycare
3 director. (AR at 23.) The ALJ concluded that Plaintiff was not
4 disabled within the meaning of the Social Security Act. *See* 20 C.F.R.
5 § 416.920(f).

6     On August 27, 2010, the Appeals Council denied review (AR at 3-5)
7 and Plaintiff timely commenced this action for judicial review. On
8 August 1, 2011, the parties filed a Joint Stipulation ("Joint Stip.")
9 of disputed facts and issues. Plaintiff contends that (1) the ALJ's
10 residual functional capacity assessment is not supported by
11 substantial evidence, and (2) the ALJ failed to make a proper
12 credibility determination. (Joint Stip. at 2.) Plaintiff seeks a
13 reversal of the Commissioner's denial of her application and payment
14 of benefits or, in the alternative, remand for a new administrative
15 hearing. (Joint Stip. at 23.) The Commissioner requests that the ALJ's
16 decision be affirmed. (Joint Stip. at 24.)

17     After reviewing the parties' respective contentions and the
18 record as a whole, the Court finds Plaintiff's contention regarding
19 the ALJ's failure to make a proper credibility determination to be
20 meritorious and remands this matter for further proceedings consistent
21 with this opinion.[1]

22 //
23 //
24 //

25

26     [1] Because the ALJ erred by failing to provide clear and specific
reasons for determining that Plaintiff was not fully credible, the Court
27 does not reach the remaining issue and will not decide whether this
issue would independently warrant relief. Upon remand, the ALJ may wish
28 to consider the other issue raised by Plaintiff.

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006).  It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).  To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996).  "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

## III.  Discussion

Plaintiff contends that the ALJ improperly discredited her subjective symptom testimony.  (Joint Stip. at 12.)  To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).  First, the ALJ must determine whether the claimant has presented objective medical

4

evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[2]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained

---

[2]   "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

1    failure to seek treatment or follow a prescribed course of treatment

2    and employ other ordinary techniques of credibility evaluation. *Id.*

3    (citations omitted).

4         Plaintiff testified that she has difficulty in standing, sitting

5    and walking due to muscle spasms and pain in her right leg and

6    buttock. (AR at 28-30.) She also testified that she has taken pain

7    medication and had steroid injections but that it only helps

8    temporarily and that then the pain returns. (AR at 31-32.) Here, the

9    ALJ found that Plaintiff's medical impairments could reasonably be

10   expected to produce the alleged symptoms. (AR at 23.) He was therefore

11   required to provide specific, clear and convincing reasons for

12   rejecting Plaintiff's subjective allegations of pain and functional

13   limitations.

14        The ALJ provided ten reasons for rejecting Plaintiff's subjective

15   testimony to the extent it indicated limitations greater than those

16   articulated in the RFC assessment. (AR at 22-23.) Seven out of ten of

17   these reasons were that the objective medical evidence did not

18   corroborate the alleged pain severity. (Id.) Although "the medical

19   evidence is a relevant factor in determining the severity of the

20   claimant's pain and its disabling effects," once a claimant produces

21   objective medical evidence of an underlying impairment, an ALJ "may

22   not reject a claimant's subjective complaints based solely on lack of

23   objective medical evidence to fully corroborate the alleged severity

24   of pain." *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

25   Thus, only if the other reasons upon which the ALJ based his

26   credibility finding are supported by substantial evidence in the

27   record, is the lack of corroborating medical evidence a valid reason

28   for rejecting Plaintiff's subjective symptom and pain testimony.

1    However, the three other reasons posited by the ALJ for rejecting

2    Plaintiff's testimony are not specific, clear and convincing. First,

3    the ALJ stated that Plaintiff was not fully credible based upon the

4    fact that "when discussing the claimant's impairments, no physician,

5    neither any of the claimant's treating physicians or a State Agency

6    physician, ever opined that listing level limitations were ever met or

7    equaled." (AR at 23.) This is not a legally sufficient reason for

8    rejecting Plaintiff's subjective testimony. Whether or not an

9    impairment meets or medically equals a listed impairment has no

10   reasonable bearing upon a claimant's credibility.

11       Second, the ALJ stated that Plaintiff was not fully credible

12   because "on multiple occasions [she] was directed to discontinue

13   smoking; however she had continued to smoke despite medical advice."

14   (AR at 23.) An "unexplained or inadequately explained failure to seek

15   treatment or to follow a prescribed course of treatment" may be

16   considered by the ALJ in weighing a claimant's credibility. *Smolen v.*

17   *Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). However, here, it is

18   entirely unclear how the fact that Plaintiff did not follow medical

19   advice to quit smoking has any bearing upon whether she credibly

20   experienced pain in her leg and buttocks from piriformis syndrome.

21       Finally, the ALJ found that Plaintiff's ability to perform

22   various activities of daily living discredited her claims of

23   debilitating pain. The ALJ noted that Plaintiff can perform tasks such

24   as "independently caring for her own personal hygiene; performing

25   light household chores; grocery shopping; driving a vehicle; and

26   ambulating without any assistive device." (AR at 22.) If a claimant

27   "is able to perform household chores and other activities that involve

28   many of the same physical tasks as a particular type of job," an ALJ

7

1    may consider this as a reason to discredit the claimant's pain

2    testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). On the

3    other hand, "[t]he Social Security Act does not require that claimants

4    be utterly incapacitated to be eligible for benefits," *Howard v.*

5    *Heckler*, 782 F.2d 1484, 1488 (9th Cir. 1986), and "many home

6    activities are not easily transferable to what may be the more

7    grueling environment of the workplace, where it might be impossible to

8    periodically rest or take medication." *Fair*, 885 F.2d at 603. It is

9    not clear from the record here whether Plaintiff's activities of daily

10   living involve the performance of any physical tasks that are

11   transferable to the work setting such that they would discredit or

12   undermine Plaintiff's subjective complaints. The ALJ must make a more

13   specific finding regarding Plaintiff's activities of daily living in

14   order to reject Plaintiff's testimony on that basis.

15       In sum, the reasons given by the ALJ were not supported by

16   substantial evidence in the record and were therefore insufficient to

17   reject Plaintiff's testimony regarding her symptoms and related

18   limitations.

19

20   **IV.   Conclusion**

21       The decision whether to remand for further proceedings is within

22   this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th

23   Cir. 2000). Where no useful purpose would be served by further

24   administrative proceedings, or where the record has been fully

25   developed, it is appropriate to exercise this discretion to direct an

26   immediate award of benefits. *Id.* at 1179 ("[T]he decision of whether

27   to remand for further proceedings turns upon the likely utility of

28   such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir.

1  2004). However, where there are outstanding issues that must be

2  resolved before a determination of disability can be made, and it is

3  not clear from the record that the ALJ would be required to find the

4  claimant disabled if all the evidence were properly evaluated, remand

5  is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir.

6  2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003)

7  (remanding case for reconsideration of credibility determination).

8      Here, the ALJ failed to explain with sufficient specificity the

9  basis for his determination that Plaintiff was not fully credible

10  regarding the intensity, persistence, and limiting effects of her

11  symptoms. Accordingly, the case is remanded for further proceedings

12  consistent with this opinion and order.

13

14  DATED: August 8, 2011

15

16

17                                MARC L. GOLDMAN

18                                Marc L. Goldman
                                 United States Magistrate Judge

19

9